UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID P. OETTING, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:13-CV-1148 (CEJ) |
| GREEN JACOBSON, P.C., et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motion to dismiss plaintiff's complaint. Also before the Court are plaintiff's motions to stay proceedings in this case and to supplement his motion to stay. All motions are fully briefed and ready for disposition.

**I.   Background**

This is an action for legal malpractice and breach of fiduciary duty, arising from In re BankAmerica Corp. Securities Litigation, No. 4:99-md-1264 (CEJ). Plaintiff in this action, David P. Oetting, was a lead plaintiff and class representative of the NationsBank Classes certified in the BankAmerica case. Defendants, Green Jacobson P.C. and three of its lawyers, Martin Green, Joe Jacobson, and Jonathan Andres, were lead counsel for the NationsBank Classes.

The Bank America case was a multidistrict securities fraud class action litigated in this Court. The parties reached a $490 million global settlement in 2002, and the Court approved the settlement as fair, reasonable, and adequate over the objections of fewer than ten class members. [Doc. #553]. Plaintiff Oetting was one of the objectors. Oetting and others appealed the settlement, and the Eighth Circuit affirmed.

In re BankAmerica Corp. Sec. Litig., 350 F.3d 747, 750 (8th Cir. 2003).  The settlement funds were then distributed to class members.  During the initial round of distributions, an employee of the claims administrator Heffler, Radetich & Saitta, LLP (Heffler), and his cohorts stole millions of dollars from the classes by submitting and approving fraudulent claims.  Oetting is currently pursuing claims against Heffler, seeking to recover the stolen funds.  Oetting v. Heffler, Radetich & Saitta, LLP, 2:11-cv-4757 (JD).

After the second round of distributions to class members, lead counsel moved to distribute the remainder of the NationsBank Classes' settlement fund under the doctrine of *cy pres*.  Oetting objected, and advocated for a third distribution to class members.  Oetting argued that lead counsel had "abandoned" their clients, and demanded that they disgorge a portion of their attorneys' fees.  The Court rejected Oetting's call for disgorgement, and determined that *cy pres* distribution was appropriate.  In re BankAmerica Corp. Sec. Litig., No. 4:99-md-1264 (CEJ), 2013 WL 3212514 (E.D. Mo. June 24, 2013).  The Court distributed the NationsBank surplus settlement funds to Legal Services of Eastern Missouri.  Oetting appealed, and the case is pending before the Eighth Circuit.  No. 13-2620.

Oetting now alleges that lead counsel committed legal malpractice and breached their fiduciary duties in a variety of ways.  He seeks to certify a class - specifically, the former NationsBank Class - to pursue these claims.

II.   Motion to Stay

After the Court ordered the *cy pres* distribution of the surplus NationsBank funds, Oetting moved for "disclosure of *ex parte* communications."  He now moves to stay *this proceeding* to allow him to investigate *ex parte* communications made to the

Court regarding the *cy pres* distribution of the funds, and a suspicion that lead counsel solicited those communications. He also moves to supplement his motion to stay.

Oetting has failed to adequately explain why disposition of defendants' motion to dismiss should be delayed while he investigates the alleged *ex parte* communications. That motion, and the motion to supplement, will be denied.

### III.   Motion to Dismiss

Plaintiff asserts four claims against defendants. He alleges that defendants committed legal malpractice by negligently hiring Heffler as claims administrator in the BankAmerica case (Count I) and "paying client money to nonclients" by requesting the Court approve fraudulently submitted claims (Count II). He also asserts that defendants abandoned their clients and intentionally breached their fiduciary duties, requiring disgorgement of the attorneys' fees paid in BankAmerica (Count III) and the imposition of a constructive trust to protect those fees (Count IV). Defendants argue that plaintiff's claims should be dismissed as barred by collateral estoppel, res judicata, and releases of liability contained in BankAmerica orders directing distribution of settlement funds. They also argue that plaintiff lacks Article III standing, and fails to state claims on which relief may be granted.

#### A.   Legal Malpractice - Negligent Hiring and Payment of Clients' Money to Non-Clients (Counts I and II)

Plaintiff alleges that defendants were negligent in engaging Heffler as claims administrator in the BankAmerica litigation, because they did not inquire into the amount of liability insurance Heffler maintained. Plaintiff also claims that defendants committed legal malpractice by negligently failing to supervising Heffler's work, failing to detect fraudulently submitted claims, and submitting those claims to the Court for

payment.  Defendants argue these counts must be dismissed, because plaintiff does not have standing to bring them, the statute of limitations has run, and they had no legal duty to supervise Heffler's work.  Because the Court agrees that plaintiff lacks Article III standing, there is no need to address defendants' other arguments.

In order to satisfy the "case or controversy" requirement of Article III of the United States Constitution, plaintiff must show that he has suffered an injury in fact, fairly traceable to the action of defendants, which is likely to be redressed by a favorable decision.  See Bennett v. Spear, 520 U.S. 154, 162 (1997) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).  The principles of standing apply with equal force to class actions.  See Halvorson v. Auto-Owners Ins. Co., 718 F.3d 773, 778 (8th Cir. 2013) ("In order for a class to be certified, each member must have standing and show an injury in fact that is traceable to the defendant and likely to be redressed in a favorable decision.").

Plaintiff has not sufficiently alleged an injury resulting from defendants' decision to hire Heffler.  Plaintiff never cashed his settlement checks, and therefore was not injured by the fact that those checks were slightly smaller than they would have been had defendants hired a different claims administrator.  See Proskauer Rose, LLP v. Blix St. Records, Inc., 384 Fed. Appx. 622, 623-24 (9th Cir. 2010) ("[T]he district court correctly held that Straw lacks standing.... Straw as an individual *did not have any damages* resulting from Proskauer's alleged malpractice.") (emphasis added).  Moreover, the reason for plaintiff's failure to cash his checks is unrelated to his objection to the hiring and supervision of Heffler; instead, he declined his share of the settlement in order to lodge his (unsuccessful) challenge to the Court's approval of the settlement terms as fair and reasonable.

Plaintiff argues that his fiduciary duties as class representative and lead plaintiff for the NationsBank Classes confer standing to bring litigation on behalf of the classes. It is uncontested that plaintiff's role as class representative created fiduciary responsibilities to the NationsBank Classes.  These fiduciary duties may carry over into other litigation affecting the class. See Sondel v. Nw. Airlines, Inc., 56 F.3d 934, 938-39 (8th Cir. 1995) ("When the class action lawsuit was certified by the federal district court, the certified representatives and the class counsel assumed certain fiduciary responsibilities to the Class…. We do not believe that these duties are confined to the four corners of the federal lawsuit.").  However, the Court does not believe that plaintiff's status as a class representative in one suit excuses him from satisfying the basic requirements of Article III standing when bringing other suits on behalf of that class.

"[F]or a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm.  'The presence of a disagreement, however sharp and acrimonious it may be, is insufficient by itself to meet Art. III's requirements.'"  Hollingsworth v. Perry, 133 S.Ct. 2652, 2661 (2013) (quoting Diamond v. Charles, 476 U.S. 54, 62 (1986)).  Certainly, there is a great deal of acrimony between the parties in this case.  Plaintiff's standing, on the other hand, remains uncertain.  Because plaintiff has not assuaged the Court's grave doubts regarding his standing, as he has the burden to do, Counts I and II will be dismissed. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (explaining that party invoking federal jurisdiction bears the burden of establishing elements of standing).

B.	Breach of Fiduciary Duty - Disgorgement and Constructive Trust (Counts III and IV)

Plaintiff next claims that the defendants intentionally and egregiously breached their fiduciary duty to the NationsBank Classes by: failing to communicate with plaintiff, withholding information, filing a motion for *cy pres* distribution, assisting Heffler to limit its liability, attempting to negotiate a "paltry settlement" with Heffler, and misleading plaintiff regarding a tolling agreement with Heffler. Plaintiff calls for the disgorgement of the $60 million in attorneys fees previously paid to defendants for their work in BankAmerica, and for the imposition of a constructive trust to protect the fees.

These claims are barred by collateral estoppel. In Missouri, issue preclusion applies when:

> (1) the issue in the present action is identical to the issue decided in the prior adjudication; (2) the prior adjudication resulted in judgment on the merits; (3) the party against whom issue preclusion is asserted was a party or is in privity with a party to the prior adjudication; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.

Stacy v. Massa, No. 12-5038-CV-FJG, 2013 WL 3990694, at *2 (W.D. Mo. Aug. 5, 2013) (quoting Simmons v. O'Brien, 77 F.3d 1093, 1096 (8th Cir. 1996)). In October 2012, plaintiff sought disgorgement of a portion of defendants' fees, and raised grievances identical to those raised in this case. See Oetting's Memo. in Opp. to *Cy Pres* Disbursement of Funds, BankAmerica, No. 4:99-md-1264 (CEJ), Doc. #790. He claimed that defendants ignored him,[1] withheld information from him,[2] filed a motion

---

[1] See, Doc. #790, at p. 3; 8.

[2] See, id., at p. 8.

to distribute *cy pres*,[3] failed to pursue remedies against Heffler,[4] misinformed plaintiff about a tolling agreement with Heffler,[5] and sought to enter into an unfavorable settlement with Heffler.[6]  He characterized defendants' wrongful conduct as "abandonment," and asked the Court to order defendants to disgorge a portion of their attorneys' fees.[7]

In its earlier order, the Court flatly rejected plaintiff's call for disgorgement. The Court found his allegations of "abandonment" to be without merit and wrote, "[l]ead counsel have continued to represent the class through a minefield of unforseen complications."  Plaintiff suggests that the previous rejection of his call for disgorgement cannot have a preclusive effect because that ruling denying disgorgement and approving *cy pres* distribution is on appeal. However, "the pendency of an appeal does not suspend the operation of an otherwise final judgment as *res judicata* or collateral estoppel…. Unless and until the Eighth Circuit finds for the plaintiff class on appeal, the district court judgment is binding on the parties to the action." Austin v. United Parcel Serv., Inc., No. 4:01-cv-90404, 2002 WL 31050867, at *3 (S.D. Iowa Sept. 13, 2002); see also, Stacy, 2013 WL 3990694, at *2 (quoting Noble v. Shawnee Gun Shop, Inc., 316 S.W.3d 364 (Mo. Ct. App. 2010)) ("Under Missouri law, a judgment on the merits at the trial-court level is considered a final

---

[3] See, id., at p. 1.

[4] See, id., at p. 3; 8

[5] See, id., at p. 6.

[6] See, id., at p. 8.

[7] See, id., at p. 12.

judgment for purposes of res judicata and collateral estoppel, even if the appeal of that judgment is still pending.").

This Court and the Eighth Circuit Court of Appeals have repeatedly rejected plaintiff's attempts to divest counsel of attorneys' fees for alleged breaches of fiduciary duties. See Koehler v. Green, No. CV 405-367-JFN, 2006 WL 5605002 (Apr. 20, 2006) (Oetting acting as counsel for plaintiff) (finding that plaintiff's claim for breach of fiduciary duty was collaterally estopped); Koehler v. Brody, 483 F.3d 590 (8th Cir. 2007) (same). This Court specifically found that "[l]ead counsel have conducted themselves professionally and have adequately and zealously represented the interests of their clients." Green, 2006 WL 5605002, at *8 (quoting the fairness order in BankAmerica). The plaintiff's claims are collaterally estopped.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [Doc. #6] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's motion to stay proceedings [Doc. #11] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement his motion to stay proceedings [Doc. #16] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 11th day of March, 2014.