UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID P. OETTING | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:13-CV-1148-SNLJ |
| | ) |
| GLEN A NORTON, | ) |
| as Receiver for GREEN JACOBSON, | ) |
| P.C., et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on plaintiff David Oetting's motion for relief from final judgment, to reinstate the action, and for leave to amend the complaint (#43). The motion is briefed and ripe. Oetting's motion for relief from final judgment is denied.

**I.     Procedural History**

The history of this case is complex and spans several years. After NationsBank Corporation and BankAmerica Corporation merged, shareholders of both filed class action lawsuits. The multidistrict litigation cases were consolidated and transferred to the Eastern District of Missouri. *See In re Bank of America Corp. Secs. Litig.*, 4:99-MD-1264-CDP (E.D. Mo.) ("Main Action"). The court appointed Oetting as the lead plaintiff and Green Jacobson as lead counsel for the class. The Main Action settled, and the court appointed a claims administrator to distribute the settlement fund to the class member claimants. With this distribution came many problems.

1

One of these problems was a letter that Green Jacobson attached to the settlement checks. The letter included an exculpatory clause, and by endorsing or signing the settlement check, a class member released all persons from all claims in connection with the litigation. At no point did the court approve using this exculpatory clause. Because of the exculpatory clause, and its unknown effects, Oetting never cashed his settlement checks.

In 2013, Oetting filed this separate class action, alleging that class counsel committed legal malpractice and breached its fiduciary duty. Class counsel moved to dismiss, arguing Oetting did not have standing to pursue those claims. This Court agreed and dismissed the case (#21). *Oetting v. Green Jacobson, P.C.*, No. 4:13-CV-1148-CEJ, 2014 WL 942952, at *4 (E.D. Mo. Mar. 11, 2014) ("Dismissal Order"), *aff'd sub nom. Oetting v. Norton*, 795 F.3d 886 (8th Cir. 2015). First, this Court held that Oetting did not have standing to pursue the legal-malpractice claims: "Plaintiff never cashed his settlement checks, and therefore was not injured by the fact that those checks were slightly smaller than they would have been had defendants hired a different claims administrator." *Id.* at *2. Second, this Court held that Oetting's breach-of-fiduciary-duty claims were collaterally estopped. *Id.* at *4.

Next, Oetting appealed the Dismissal Order. The Eighth Circuit agreed that Oetting lacked standing, but for a different reason. *Oetting v. Norton*, 795 F.3d 886, 890 (8th Cir. 2015). The Eighth Circuit disagreed with this Court's conclusion that Oetting was uninjured because checks he never cashed were smaller than they should have been. *Id.* The Eighth Circuit concluded Oetting lacked standing

2

> because (i) all the damages and disgorged fees being sought would be recovered into the NationsBank class settlement fund in the [M]ain [A]ction; (ii) the putative class represented in this case, as defined in the complaint, is a subclass of the NationsBank class, namely, those who "have or are to receive a distribution from" the settlement fund; and (iii) the district court's June 14, 2004, and February 4, 2005, orders in the [M]ain [A]ction expressly provided that further distributions from the settlement fund would be limited to "Authorized Claimants who have cashed their checks." By defining the class in this case as being those who "have or are to receive" distributions from the settlement fund, Oetting excluded himself from the class.

*Id.* The Eighth Circuit also observed that "Oetting could have commenced this action on behalf of the entire class by seeking to invoke the district court's ancillary jurisdiction in the [M]ain [A]ction. . . . [H]is status as class representative would doubtless have provided standing to represent the class . . ., despite his failure to cash prior settlement checks." *Id.* at 890–91.

Then, Oetting filed a motion in the Main Action to have settlement checks issued or reissued to him. Oetting asked for relief pursuant to Rule 6(b)(1)(B), which allows a court to extend the time by which an act must be done if the party failed to act because of excusable neglect. Almost two years later, the court granted Oetting's motion. *In re Bank of Am. Corp. Sec. Litig.*, No. 4:99-MD-1264-CEJ, 2017 WL 3232579, at *6 (E.D. Mo. July 31, 2017) ("Main Action Reissuance Order"). Finally, one month later, Oetting filed this motion (#43), asking for relief from this Court's Dismissal Order.

## II. Legal Standard

Rule 60(b) of the Federal Rules of Civil Procedure allows a court to "relieve a party . . . from a final judgment, order, or proceeding . . . ." "Rule 60(b) 'provides for extraordinary relief which may be granted only upon an adequate showing of exceptional

3

circumstances.'" *Graham v. Hubbs Mach. & Mfg., Inc.*, 49 F. Supp. 3d 600, 608 (E.D. Mo. 2014) (*quoting Robinson v. Armontrout*, 8 F.3d 6, 7 (8th Cir. 1993)). "Rule 60(b) is a motion grounded in equity and exists 'to prevent the judgment from becoming a vehicle of injustice.'" *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (*quoting MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 755 (8th Cir. 1996)). A district court has discretion when deciding a Rule 60(b) motion. *See id.* (reviewing for abuse of discretion).

### III. Discussion

Oetting grounds his arguments in three subsections of Rule 60(b). The Court takes each in turn.

#### A. Rule 60(b)(5)

Rule 60(b)(5) allows a court to relieve a party from a final judgment if "it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable . . . ."

First, Oetting argues that relief is appropriate under Rule 60(b)(5) because the Main Action Reissuance Order "effectively reverse[s]" the Dismissal Order. Oetting's argument seems to be this: "the Court held that I did not have standing to bring this suit because I was not a member of the class that I defined in the complaint. Now, because the court in the Main Action ordered my checks to be issued or reissued, I am a member of the class. Thus, I have standing to bring the legal-malpractice claims." Oetting argues the Dismissal Order is based on an earlier judgment that has been negated.

4

To determine whether the Dismissal Order was based on an earlier judgment that has been reversed or vacated, the Court begins—and ends—with the plain language. The Dismissal Order was based only on bedrock standing principles. It was not based on any earlier judgment that has been reversed or vacated. And of course, the Dismissal Order was not based on the later Main Action Reissuance Order. This argument fails.

Second, Oetting argues applying the Dismissal Order prospectively is no longer equitable. Initially, the Court must decide whether the Dismissal Order is prospective. A judgment is not prospective just because parties are bound by it. *Stokors S.A. v. Morrison*, 147 F.3d 759, 762 (8th Cir. 1998). Instead, a judgment applies prospectively if "it is executory or involves the supervision of changing conduct or conditions." *Id.* (*quoting Maraziti v. Thorpe*, 52 F.3d 252, 254 (9th Cir. 1995)). The Dismissal Order is not executory and does not require supervising changing conduct or conditions; thus, it does not apply prospectively for the purposes of Rule 60(b)(5). *See id.* (citing an Eleventh Circuit case that held a judgment of dismissal was not prospective). This argument fails, and Oetting is not entitled to relief under Rule 60(b)(5).

### B. Rule 60(b)(6)

Rule 60(b)(6) allows a court to relieve a party from a final judgment for "any other reason that justifies relief." "Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley*, 413 F.3d at 871.

Plaintiff does not argue that anything denied him a full and fair opportunity to litigate his claim; he argues only that the Dismissal Order "would be at odds with the current state of the litigation" if he properly rejoins his fellow class members. Oetting adds that the Dismissal Order is inconsistent with the Main Action Reissuance Order. They are not. The Dismissal Order is based on a standing analysis. The Main Action Reissuance Order is based on a Rule 6 analysis. The two orders are based on fundamentally different areas of law and are not inconsistent just because one favors Oetting while the other does not. Other courts have denied relief under Rule 60(b)(6) when a party requested relief from a lack-of-standing dismissal because changed circumstances would allegedly alter the standing analysis that required dismissal. *Id.* at 871–72. This is because standing is determined based on the facts, as they exist, when the suit is commenced. *Id.* at 872. This argument fails, and Oetting is not entitled to relief under Rule 60(b)(6).

## C. Rule 60(b)(3)

Rule 60(b)(3) allows a court to relieve a party from a final judgment based on "fraud . . ., misrepresentation, or misconduct by an opposing party . . . ." "This narrow concept [of fraud in Rule 60(b)(3)] embraces 'only the species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases . . . .'" *Johnson v. United States*, No. 4:07-CV-365-ERW, 2011 WL 940841, at *1 (E.D. Mo. Mar. 16, 2011) (footnote omitted) (*quoting Wilson v. Johns–Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989)).

The fraud that Oetting points to is the exculpatory clause—that was never approved by the court—attached to the settlement checks. He claims he failed to cash his settlement checks because of the exculpatory clause and its unknown effects. Even if this is true, the unapproved exculpatory clause did not defile this Court or prevent it from impartially deciding the Dismissal Order. In fact, the court in the Main Action has explained that the exculpatory clause has no legal force as applied to class counsel. *In re Bank of Am. Corp. Sec. Litig.*, 2017 WL 3232579, at *5. There has been no fraud on the Court in this case, and this argument fails.[1]

## IV. Conclusion

Oetting is not entitled to relief under Rule 60(b), and his motion is denied. Accordingly,

**IT IS HEREBY ORDERED** that Oetting's motion for relief from final judgment, to reinstate the action, and for leave to amend the complaint (#43) is **DENIED**.

Dated this ___8th___ day of January 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because Oetting's motion fails on the merits, the Court need not address defendants' timeliness argument.